UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RUBEN GONZALEZ, JR., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 7:13-CV-4 |
| | § | |
| BANK OF AMERICA, NA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On July 3, 2012, Plaintiff Ruben Gonzalez, Jr. ("Gonzalez") filed his original petition and request for injunctive relief in state court.[1] On January 7, 2013, Defendant Bank of America, N.A., ("BANA") removed the case to this Court.[2] On February 15, 2013, the Court warned Gonzalez that it was considering dismissing his case for failure to state a claim.[3] By the same order, the Court provided Gonzalez with an opportunity to amend his petition or otherwise respond by March 5, 2013.[4] However, Gonzalez has failed to respond or amend his petition.

### I. DISCUSSION

After reviewing Gonzalez' petition, the Court finds that it does not state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).[5] As an initial matter, the petition does not expressly set forth any claim. The petition does make reference to an attempted wrongful foreclosure and asserts that BANA has waived certain contractual provisions. However, these assertions are insufficient to state a claim upon which relief can be granted.

---

[1] Dkt. No. 1, Attach. 1 ("Petition").
[2] Dkt. No. 1.
[3] Dkt. No. 10.
[4] *Id.*
[5] FED. R. CIV. P. 12(b)(6).

Under Texas law, a claim for wrongful foreclosure must satisfy the following elements: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price.[6] As the elements make clear, the claim requires that a foreclosure sale have occurred. Gonzalez' petition fails to make that allegation, only referencing a claim of *attempted* wrongful foreclosure, a claim which is not recognized under Texas law.[7]

Gonzalez also references waiver of certain contractual rights. At best these references might, at least in part, support a claim for breach of contract. "In Texas, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[8] Gonzalez has failed to allege that he performed, tendered performance, or at least was excused from doing so.[9] Even were the Court to broadly construe Gonzalez' waiver allegations as an affirmative defense to the performance requirement, it is insufficient to meet the requirement by excusal.

Gonzalez alleges that Defendants have "by their course and pattern of conduct waived the right to insist upon timely payments and have waived the right to accelerate based upon late payments."[10] However, waiver requires that BANA's intent to waive its right was "clearly

---

[6] *See* Charter Nat'l Bank-Houston v. Stevens, 781 S.W.2d 368, 371 (Tex.App.—Houston [14th Dist.] 1989, writ denied).

[7] *See* Petition at ¶¶ 7 (alleging "Defendants are *attempting* to wrongfully foreclose . . .) & 9 (stating only that Gonzalez "stands to lose the real estate to foreclosure sale" and seeking injunction of a *future* foreclosure sale.) (emphasis added).

[8] Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009) (quoting Aguiar v. Segal, 167 S.W.3d 443, 450 (Tex. App.—Hous. [14th Dist.] 2005, pet. denied)) (internal quotations omitted).

[9] *See* Oliver v. Hill, No. 01-10-00475-CV, 2011 WL 5026401, at *2 (Tex. App.—Hous. [1st Dist.] Oct. 20, 2011) (mem. op.) (citing Valero Mktg. & Supply Co. v. Kalama Int'l, 51 S.W.3d 345, 351 (Tex. App—Hous. [1st Dist.] 2001, no pet.); *see also* Camping Roofing Ltd. v. Park Side Villas I, LLC, No. 10–10–00417–CV, 2011 WL 5829558, at *2 (Tex. App.—Waco Nov. 2, 2011) (mem. op.) ("To prove an action for breach of contract, a plaintiff must establish it performed, tendered performance of, or was excused from performing its contractual obligations.") (internal citations omitted).

[10] Petition at ¶ 9.

demonstrated by the surrounding facts."[11] The allegations in Gonzalez' complaint, that BANA has accepted late payments in the past, does not clearly demonstrate BANA's intent to waive its rights; forbearance of payments does not equate to waiving a right in those payments.

Finally, Gonzalez' petition seeks injunctive relief to prevent the foreclosure.[12] Crucially, "[a]n injunction is an equitable remedy, not a cause of action."[13] Especially since Gonzalez has failed to sufficiently state an underlying cause of action, the equitable remedy of injunctive relief is fatally unsupported.

## II. CONCLUSION

For the foregoing reasons, the Court finds that Gonzalez has failed to state a claim upon which relief can be granted. Therefore, the Court **DISMISSES** this case.

IT IS SO ORDERED.

DONE this 7th day of March, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[11] Jernigan v. Langley, 111 S.W.3d 153, 156 (Tex. 2003).
[12] Petition at ¶¶ 9 & 11.
[13] Brittingham v. Ayala, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied).